UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DOMINIC JOSEPH LeBOUEF (#398766)**                CIVIL ACTION NO.

**VERSUS**                                                                 21-556-SDD-EWD

**CHAD HARDY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DOMINIC JOSEPH LeBOUEF (#398766)**          CIVIL ACTION NO.

**VERSUS**                                    21-556-SDD-EWD

**CHAD HARDY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Dominic Joseph LeBouef ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.¹ Based on the screening process for such complaints, dismissal is recommended under 28 U.S.C. §§ 1915(e) and 1915A for Plaintiff's claims for injunctive relief against Chad Hardy, Unknown Arvie, and Unknown Bradford ("Defendants") in their individual and official capacities and for Plaintiff's claims for monetary damages against these Defendants in their official capacities. It is further recommended that the Court decline the exercise of supplemental jurisdiction over potential state law claims and that this matter be referred for further proceedings on Plaintiff's remaining claims, *i.e.*, his claims against Defendants in their official and individual capacities for declaratory relief and for monetary relief in Defendants' individual capacities for the alleged acts of excessive force and failure to intervene occurring on January 23, 2020.

**I.    BACKGROUND**

Plaintiff brought this suit against Defendants under 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights.² He seeks declaratory, injunctive, and monetary relief.³

---

¹ R. Doc. 1.
² R. Doc. 1. Pursuant to the prison mailbox rule, which generally applies to the court filing of documents by Louisiana pro se inmates, an inmate's pleadings are considered filed on the date presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). The Complaint has a date of August 15, 2021 (R. Doc. 1, p. 7), although it was not filed with this Court until September 27, 2021.
³ R. Doc. 1, p. 6.

## II. LAW & ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[9]

---

[4] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. LeBouef was granted IFP on September 29, 2021, so both statutes apply. R. Doc. 3.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *Id.*
[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Plaintiff Cannot State a Claim against Defendants for Monetary Relief in Their Official Capacities

Plaintiff does not state whether he is suing Defendants in their individual and official capacities.[14] Because *pro se* complaints are to be liberally construed,[15] the Court interprets all claims as being brought against Defendants in both capacities. However, Plaintiff cannot state a claim against Defendants in their official capacities for monetary damages as a matter of law. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[16] In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[18] Accordingly, Plaintiff's claims for monetary relief against Defendants in their official capacities is subject to dismissal.

---

[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] R. Doc. 1.
[15] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotations and citations omitted).
[16] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[17] 502 U.S. 21 (1991).
[18] *Id.* at 25.

### C. Plaintiff's Claim for Injunctive Relief is Not Cognizable

Plaintiff requests that this Court "hold these 3 defendants accountable for their misconduct."[19] To the extent Plaintiff seeks to have this Court reprimand Defendants outside of the ordinary judicial process, such a request is not cognizable. Federal courts ordinarily accord great deference to the internal administrative decisions of prison officials, and to entertain the kind of request presented by Plaintiff would be against precedent and the public's interest, as well as a possible abuse of judicial resources.[20] Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

### D. Plaintiff has Stated a Claim for Excessive Force and Failure to Intervene[21]

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[22] Although "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[23] the Eighth Amendment's prohibition against cruel and unusual punishment, excludes *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[24] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained,[25] if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the

---

[19] R. Doc. 1, p. 6.
[20] *Ware v. Tanner*, No. 12-2250, 2013 WL 5589506 at *10 (E.D. La. Oct. 10, 2013) (noting that it would be against precedent and the public's interest, if not an abuse of judicial resources, to entertain a request that prison officials be fired for their conduct); *Krist v. Smith,* 439 F.2d 146 (5th Cir.1971); *Haggerty v. Wainwright,* 427 F.2d 1137 (5th Cir.1970).
[21] Though Plaintiff has stated a claim, it appears his claim may be prescribed. However, the Court is unable to determine prescription on the face of the Complaint because the date the second step response for the pertinent grievance was *delivered* to Plaintiff is not stated in the Complaint or in the attached materials. La. R.S. 15:1172(E) (prescription is suspended "until the final agency decision is delivered.").
[22] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[23] *Wilkins*, 559 U.S. at 38.
[24] *Hudson*, 503 U.S. at 10.
[25] Though extent of injury is a factor to consider in determining whether excessive force was used, no arbitrary quantum of injury is required to maintain an excessive force claim. *Wilkins,* 559 U.S. at 39.

4

threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[26]

Plaintiff alleges that on January 23, 2020, he was beaten and maced by the Defendants for no apparent reason while Plaintiff's hands were restrained behind his back.[27] Based on Plaintiff's allegations, which are taken as true at this stage of the case, there was no need for the application of force, so any force utilized would have been excessive.[28] Accordingly, Plaintiff has stated a claim against Defendants in this regard. Similarly, Plaintiff has stated a failure to intervene claim against all Defendants.

Under the Eighth Amendment to the United States Constitution, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's use of excessive force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.[29] Here, Plaintiff alleges that Hardy began hitting him, and, rather than intervening to stop the abuse, Arvie and Bradford joined in.[30] These allegations, accepted as true, are sufficient to state an excessive force claim and a failure to intervene claim against all Defendants.[31]

---

[26] *Id.* at 7.
[27] R. Doc. 1, p. 5.
[28] Though qualified immunity is not discussed in this Report because it is an affirmative defense (*Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009)), raising qualified immunity on a motion to dismiss would not defeat Plaintiff's excessive force and failure to intervene claims at this stage because it was clearly established at the time of this incident that an officer may not use force on a compliant and restrained inmate and to do so is objectively unreasonable. *See Aucoin v. Cupil*, No. 16-373, 2018 WL 1547347, at *3 (M.D. La. March 29, 2018) ("it was clearly established that inmates have a constitutional right to be free from the use of excessive force, and it is objectively unreasonable to assault a compliant and restrained inmate.").
[29] *See Whitley v. Hale*, 726 F.3d 631, 646 (5th Cir. 2013), citing *Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).
[30] R. Doc. 1, p. 5.
[31] *Drumm v. Valdez*, No. 16-3482, 2019 WL 7494443, at *p. 6 (N.D. Tex. Dec. 3, 2019) (allegations that defendants participated in the alleged beating of the plaintiff supported a claim for failure to intervene).

### E. Exercise of Supplemental Jurisdiction should be Declined

Finally, to the extent that Plaintiff's allegations may be interpreted as an attempt to invoke this Court's supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[32] Here, because the only claims are for excessive force and failure to intervene, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims because state law claims based upon these facts would require a wholly different analysis than the analysis applicable to Plaintiff's claims for excessive force and failure to intervene.[33]

### RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined, that Plaintiff's claims for injunctive relief against Defendants in their individual and official capacities and claims for monetary relief against Defendants in their official capacities be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915, and that this matter be referred to the undersigned for further proceedings on Plaintiff's remaining claims, *i.e.*, LeBouef's claims against Defendants in their official and individual capacities for declaratory relief and for monetary relief in Defendants' individual capacities for the alleged acts of excessive force and failure to intervene occurring on January 23, 2020.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] 28 U.S.C. § 1367.
[33] For example, the claim of battery under Louisiana law requires a wholly distinct analysis from excessive force.

6