**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DOMINIC JOSEPH LeBOUEF (#398766)**      **CIVIL ACTION NO.**

**VERSUS**      **21-556-SDD-EWD**

**CHAD HARDY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 3, 2023.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DOMINIC JOSEPH LeBOUEF (#398766)**     CIVIL ACTION NO.

**VERSUS**     21-556-SDD-EWD

**CHAD HARDY, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by, Defendants Chad Hardy, Unknown Bradford, and Unknown Arvie ("Defendants").[1] The Motion is opposed,[2] and a reply memorandum has been filed.[3] It is recommended that the Motion be denied, but that summary judgment be granted on the Court's on Motion as Plaintiff Dominic LeBouef's suit was not timely filed.[4]

### I. BACKGROUND

Dominic LeBouef ("LeBouef"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana filed this suit against Defendants under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights.[5] The Court conducted the screening required under 28 U.S.C. § 1915A, and permitted under 28 U.S.C. § 1915(e), and dismissed LeBouef's claims for injunctive relief against Defendants in their individual and official capacities and LeBouef's claims for monetary damages against these

---

[1] R. Doc. 38.
[2] R. Doc. 41. Though Defendants argue the opposition is untimely, *pro se* litigants are given great flexibility, and the timeliness of the opposition memorandum is of no consequence, since dismissal of this suit is recommended on the Court's own motion.
[3] R. Doc. 42.
[4] "[I]t is well-settled that a district court may grant summary judgment *sua sponte* [on its own motion], so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment." *Shepard v. Gulf Coast Community Services*, 221 Fed.Appx. 308, 310 (5th Cir. 2007), citing *Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000) (internal citations and quotations omitted). The 14-day objection period to this Report and Recommendation is sufficient to satisfy the notice requirement. *See Bustinza v. Lucio*, No. 19-36, 2022 WL 1548118, at n. 1 (S.D. Tex. March 4, 2022), citing *U.S. v. Willis*, 273 F.3d 592, 597 (5th Cir. 2001).
[5] R. Doc. 1.

Defendants in their official capacities. The Court also declined to exercise supplemental jurisdiction over LeBouef's state law claims.⁶ The only claims remaining are LeBouef's claims against Defendants in their official and individual capacities for declaratory relief and for monetary relief in Defendants' individual capacities for the alleged acts of excessive force and failure to intervene occurring on January 23, 2020.

## II. LAW & ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.⁷ A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show there is no genuine issue of material fact.⁸ If the moving party carries its burden of proof under Federal Rule of Civil Procedure 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.⁹ Summary judgment must be entered against a party who fails to make an adequate showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.¹⁰ In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve material factual disputes.¹¹

---

⁶ R. Docs. 5 & 7.
⁷ Fed. Rule Civ. P. 56. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
⁸ *Celotex Corp.*, 477 U.S. at 323.
⁹ *Anderson*, 477 U.S. at 248.
¹⁰ *Celotex Corp.*, 477 U.S. at 323.
¹¹ *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

## B. LeBouef's Claims Are Subject to Dismissal Because They Were Not Timely Filed

Defendants moved for summary judgment on the bases that some of LeBouef's claims were unexhausted and that Defendants were entitled to qualified immunity on all claims. Although Defendants' arguments have no merit,[12] the record evidence demonstrates that LeBouef's claims are subject to dismissal because they were not timely filed.[13]

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983," so the federal courts borrow the limitations period of the forum state.[14] Actions brought pursuant to § 1983 are considered torts and, in Louisiana, are subject to a limitations period of one year.[15]

---

[12] Pursuant to 42 U.S.C. § 1997e, LeBouef was required to exhaust administrative remedies before filing suit. The purpose of an administrative grievance is to give prison officials notice and an opportunity to address a problem internally before suit is filed. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). Defendants argue that LeBouef's failure to specifically name Arvie and Bradford in the administrative remedy process means that his claims are not exhausted. Defendants are incorrect. "We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation." *Id.* at 522. Because the unusual occurrence report was considered in denying LeBouef's grievance, at least at the second step, the reviewers were aware that Bradford and Arvie were present for the incident about which LeBouef complained, which is sufficient to demonstrate that LeBouef's claims were exhausted. *See Patterson v. Stanley*, 547 Fed.Appx. 510, 512 (5th Cir. 2013). As to qualified immunity, it is clearly established that guards cannot gratuitously beat a shackled, compliant inmate (*Aucoin v. Cupil*, No. 16-373, 2018 WL 1547347, at *3 (M.D. La. Mar. 28, 2018 (finding defendants were "not entitled to qualified immunity because at the time of the incident, it was clearly established that inmates have a constitutional right to be free from the use of excessive force, and it is objectively unreasonable to assault a compliant and restrained inmate.")), and LeBouef's version of the facts, to which he testified under oath at a deposition, indicate this is what occurred. R. Doc. 38-3, p. 5-6. Though Defendants' version of the facts is different, it is not proper to resolve factual disputes on summary judgment—that is a task left to the trier of fact at trial. *See International Shortstop*, 939 F.2d at 1263 (the court may not resolve factual disputes). The Court also noted in the screening Report and Recommendation that "it was clearly established at the time of this incident that an officer may not use force on a compliant and restrained inmate and to do so is objectively unreasonable," such that any claim regarding qualified immunity on a Motion to Dismiss would not be successful. R. Doc. 5, p. 6, n.28. The same logic applies to Defendants' qualified immunity argument in the Motion for Summary Judgment because LeBouef's deposition testimony creates a factual dispute as to whether any force was permissible. Accordingly, Defendants' arguments regarding exhaustion and qualified immunity are non-starters.
[13] In conducting the screening by 28 U.S.C. § 1915A, and permitted by 28 U.S.C. § 1915(e), the Court noted that it appeared LeBouef's claims may be prescribed, but it was unable to render a decision regarding the timeliness of the claims because it was unclear when LeBouef received the second-step response to his grievance. R. Doc. 5, p. 5.
[14] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed.Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[15] La. C.C. art. 3492; *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Crane v. Childers*, 655 Fed.Appx. 203, 204 (5th Cir. 2016) (§ 1983 claims are subject to the one-year prescriptive period for delictual actions).

State law also governs whether events occur that toll (*i.e.*, pause or delay) the limitations period unless the state provisions regarding tolling are inconsistent with federal law.[16] Though the Louisiana prescriptive period of one year applies to LeBouef's claims, federal law governs when his claims accrued, *i.e.*, when the limitations period starts.[17] Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions.[18] "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim."[19]

Because LeBouef was required to exhaust administrative remedies by filing a grievance through the administrative remedy process (an "ARP") before filing suit, the Court must consider the time period LeBouef had an ARP properly pending. The limitations period begins to run the day after the incident but is suspended once an ARP is filed and while the ARP is pending because the requirement that an inmate exhaust administrative remedies before filing creates a statutory barrier to filing suit.[20] The limitations period begins to run again when the final agency decision is delivered.[21]

LeBouef complains that, on January 23, 2020, he was beaten and maced by Defendants for no apparent reason, while his hands were restrained behind his back. LeBeouf's claim accrued on that date. LeBouef filed the relevant ARP, LSP-2020-0352, on February 2, 2020.[22] Accordingly,

---

[16] *Bd. of Regents v. Tomanio*, 446 U.S. 478, 484 (1980).
[17] *Harris*, 198 F.3d at 157.
[18] *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted).
[19] *Id.*, citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).
[20] La. Civ. Code art. 3467; *Kron v. LeBlanc*, No. 11-2263, 2013 WL 823550, *2 (E.D. La. March 6, 2013). *See also Evans v. Rheams*, No. 19-595, 2021 WL 3615836, at *3 (M.D. La. June 7, 2021) ("this Court is required to count against Plaintiff the passage of days that elapsed both before the filing of the ARP and after the conclusion of the administrative proceedings.").
[21] La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] … grievance and shall continue to be suspended until the final agency decision is delivered.").
[22] R. Doc. 38-4, p. 4.

nine (9) days passed that counted towards the prescriptive period between the incident and the filing of the ARP, leaving 356 days in the prescriptive period. The ARP was denied at both steps, and the record evidence establishes that LeBouef received the second step response on July 27, 2020.[23] Accordingly, prescription began to run again the next day, and LeBouef had until July 19, 2021, 356 days later, to file suit. LeBouef's suit was not filed in this Court until, at the earliest, August 15, 2021, nearly one month after the prescriptive period expired.[24] Because LeBouef's suit was not timely filed, it is subject to dismissal with prejudice.

### III. RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Summary Judgment,[25] filed by Defendants Chad Hardy, Unknown Bradford, and Unknown Arvie, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** on the Court's own motion, as LeBouef's claims are prescribed.

Signed in Baton Rouge, Louisiana, on November 3, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[23] R. Doc. 38-4, p. 24.
[24] Pursuant to the prison mailbox rule, which generally applies to the court filing of documents by Louisiana pro se inmates, an inmate's pleadings are considered filed on the date presented to prison officials or placed into the prison mailing system for transmission to the court, not on the date that they are ultimately received or docketed by the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008). The Complaint is dated August 15, 2021 (R. Doc. 1, p. 7), although it was not filed with this Court until September 27, 2021. Even with the benefit of the earlier date, LeBouef's claims were not timely filed.
[25] R. Doc. 38.